IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number:

CHELSEA DO

    Plaintiff,

v.

SOUTHERN UTAH SATELLITE AND COMMUNICATIONS, INC dba SAT-COM

    Defendant.

_____

**COMPLAINT**
_____

The Plaintiff by and through her attorneys, GADDIS, HERD, CRAW & ADAMS, P.C., by Thomas J. Herd, for her complaint against the Defendant states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Chelsea Do, is and at all times relevant was, a citizen and resident of Colorado.

2. Southern Utah Satellite and Communications, Inc., is and at all times relevant was, a for-profit corporation incorporated in the State of Utah with its principal place of business in Richfield, Utah.

3. Upon information and belief, Southern Utah Satellite and Communications, Inc., is and at all times relevant was doing business as SAT-COM.

4. At all times relevant, Travis Rawlinson (hereafter, Rawlinson) was employed as a semi tractor-trailer driver for SAT-COM.

5. On July 10, 2018 at 2:14 pm, Rawlinson was acting in the course and scope of his employment and driving a 2016 Kenworth semi tractor-trailer truck owned by Southern Utah Satellite and Communications when he changed lanes colliding with the Plaintiff's Subaru Forester.



The semi tractor-trailer truck involved in the crash was similar in appearance but was not carrying a load at the time of the crash.

6. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amount in controversy for the injuries to Chelsea Do exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. Venue is proper in the District under 28 U.S.C. §1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Colorado.

**FACTS**

8. This case arises from a motor vehicle crash that occurred on July 10, 2018 in the left westbound lane of Interstate 70 in Summit County, Colorado.

9. On July 10, 2018 at 2:14 p.m., Rawlinson is driving a semi-tractor trailer westbound in the right lane of Interstate 70 in Summit County, Colorado.

10. Rawlinson is driving 65-70 miles per hour in a semi tractor-trailer weighing over 35,000 pounds when he changes lanes.

11. Rawlinson does not carefully check his mirrors, or his blind spot, or signal before changing lanes.

12. The Plaintiff, Chelsea Do (hereafter "Do") and her 4-month old son, are driving in a Subaru Forester in the left westbound lane of Interstate 70.

13. Rawlinson's semi-tractor trailer collides with the passenger side of the Do's Subaru.

14. Rawlinson continues driving westbound on Interstate 70 dragging the Do Subaru a mile down the road without realizing what is happening.

15. While her vehicle is being dragged down the road, Do is honking her horn and trying to brake to separate from the semi tractor-trailer to no avail.

16. Rawlinson never looks in his driver-side mirror or hears the frantic honking from the Do vehicle.



17. Do did not cause or contribute to the motor vehicle collision.

18. Do was wearing her lapbelt/shoulder harness at the time of the collision.

19. No third parties caused or contributed to the collision.

20. The road conditions did not cause or contribute to the collision.

21. The weather conditions did not cause or contribute to the motor vehicle collision.

22. Do did not assume the risk of suffering injuries, damages and losses from the collision.

23. There were no problems with visibility that caused or contributed to the collision.

24. The mechanical condition of Rawlinson's semi tractor-trailer did not cause the collision.

25. A driver should never endanger the public.

26. A driver should watch the road and seen what can be seen.

27. A safe driver must be aware of other vehicles in his immediate vicinity.

28. A driver of a 35,000-plus pound vehicle who doesn't properly use his mirrors, double checking his blind spots, and signal properly before changing lanes to avoid colliding with other vehicles is an inattentive and distracted driver.

29. A driver should avoid crashing into other drivers.

30. A driver who crashes into another vehicle is responsible for the harm he causes.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE – VICARIOUS LIABILITY**

31. The Plaintiff incorporates the previous allegations as if fully stated herein.

32. Rawlinson, and therefore the defendant, had a duty to use reasonable car and a duty to maintain a proper lookout for others using the roadway while operating a semi tractor-trailer truck on the highway.

33. Defendant breached its duties when Rawlinson ran into the passenger side of Do's Subaru.

34. Rawlinson's negligent driving is a breach of the Defendant's duties, and caused Do's injuries.

35. Rawlinson as the employee or agent of Defendant was acting within the scope of his employment and authority at the time of the collision.

36. The acts or omissions of Rawlinson as the employee or agent of Defendant are in law the acts or omissions of the Defendant.

37. Rawlinson's negligence included being distracted or inattentive to his driving, violating the safe driving measures outlined in the Commercial Driver License Manual, and making an unsafe lane change.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE PER SE

38. The Plaintiff incorporates the previous allegations as if fully set forth herein.

39. At the time of the collision the following statutes in the State of Colorado were in full force and effect:

    - §42-4-1402. Careless driving. (1) Any person who drives any motor vehicle … in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving. (C.R.S. 2014, Vol. 11).

    - §42-4-1007. Driving on roadways laned for traffic. (1) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others consistent with this section shall apply:

    (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such

      movement can be made with safety.

40. Rawlinson, as an employee or agent of Defendant, violated the statutes set forth above on July 10, 2018 when he collided his semi-tractor trailer into the passenger side of Do's Subaru.

41. One purpose of the statutes is to protect against the type of injuries that Do sustained in this case.

42. Do is a member of a group of persons that the statutes were intended to protect.

43. The conduct of the Defendant's employee, Rawlinson, complained of in the First Claim for Relief constitutes negligence per se.

44. As a result of the negligence per se of the Defendant, the Plaintiff has suffered the injuries, damages, and losses described in the First Claim for Relief.

## FOURTH CLAIM FOR RELIEF – NEGLIGENT ENTRUSTMENT

45. The Plaintiff incorporates the previous allegations as if fully set forth herein.

46. The Defendant supplied, through Southern Utah Satellite and Communications d/b/a SAT-COM, the semi-tractor and trailer that Rawlinson was operating.

47. The Defendant knew or had reason to know that Rawlinson was likely to use the semi-tractor and trailer in a manner involving an unreasonable risk of physical harm to others whom the Defendant should expect to be endangered by its use.

48. The Defendant knew or should have known that Rawlinson was not competent to use the semi-tractor and trailer.

49. The Defendant's negligent entrustment of its semi-tractor and trailer to Rawlinson played a substantial part in causing Do's injuries.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT SUPERVISION

50. The Plaintiff incorporates the previous allegations as if fully set forth herein.

51. In the alternative, if Rawlinson were not acting with the course and scope of his employment with the Defendant, then Do alleges that the Defendant had a duty to control Rawlinson to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Do.

52. Rawlinson was using the property of the Defendant, namely Southern Utah Satellite and Communication d/b/a SAT-COM's semi-tractor and trailer.

53. The Defendant knew or had reason to know that they had the ability to control Rawlinson.

54. The Defendant knew or should have known of the necessity and opportunity for exercising such control over Rawlinson.

55. The Defendant's breach of their duty to control Rawlinson played a substantial part in causing the injuries to Do.

## COMPENSATORY DAMAGES

56. As a direct result of his negligence, the Defendant's semi-tractor trailer truck collided with the passenger side of the Subaru driven by Do causing her to sustain injuries to her neck, left shoulder, left rib, lower abdomen, upper back, mid and low back, right knee partial tear of the lateral collateral ligament complex and arcuate ligament tear with a non-depressed posterior lateral tibial fracture bone contusion and stress fracture, right foot, with stress reaction right fourth metatarsal, insomnia and post-traumatic stress disorder.

57. As a direct result of the motor vehicle collision, Do has suffered and will continue to suffer the following damages:

      a.      Physical pain and suffering;

      b.      Mental and emotional pain and suffering;

      c.      Loss of enjoyment of life or impairment of the quality of life;

      d.      Physical impairment;

      e.      Medical, hospital, drug and rehabilitative expenses;

      f.      Loss of household services;

      g.      Loss of income and impairment of future earning capacity;

WHEREFORE, the Plaintiff prays for judgment against the Defendant for fair and reasonable compensatory damages, along with interest from the date of the accident, costs and expert witness fees, attorney fees, and such other and further relief as the court deems appropriate.

Respectfully submitted this 8th day of July, 2021.

GADDIS, HERD, CRAW & ADAMS, P.C.

By:   /s/ Thomas J. Herd
        Thomas J. Herd, No. 9014
        15 W. Cimarron Street, Suite 300
        Colorado Springs, CO  80903
        Phone:  719-471-3848
        Fax:  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
        tom@gaddisherd.com
        Attorneys for Plaintiff

Plaintiff's address:

Chelsea Do
8274 Sprague Way
Colorado Springs, CO 80908